UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM I. JURAVEL; ROCHELLE L. JURAVEL,

                Plaintiffs,

-against-

SAMUEL HAROLD SIGAL, MD,

                Defendant.

1:23-CV-10550 (LJL)

ORDER OF DISMISSAL

LEWIS J. LIMAN, United States District Judge:

        Plaintiffs Abraham I. Juravel ("Abraham") and Rochelle L. Juravel ("Rochelle"),[1] who appear to be husband and wife (*see* ECF 6, at 3), bring this *pro se* action purporting to invoke the court's federal question jurisdiction. They allege that they reside in Spring Valley, Rockland County, New York, and that the federal constitutional or statutory basis for their claims is "malpractice by doctor." (ECF 1, at 2.) Plaintiffs sue Samuel Harold Sigal, M.D., a physician that they seem to allege resides in the Bronx, New York, and they seek $80,000,000 in damages.

        It appears that Plaintiffs are actually asserting claims under state law, including claims of medical malpractice, under the court's diversity jurisdiction, instead of claims under federal law, under the court's federal question jurisdiction. For the reasons set forth below, the Court

---

[1] As Chief Judge Swain noted in her December 8, 2023 order denying Abraham *in forma pauperis* ("IFP") status and directing him to pay the fees to bring this action, Rochelle is listed as a plaintiff in the complaint and she filed her own IFP application, but she did not sign the complaint or her IFP application. (ECF 5, at 1 n.1.) For that and other reasons, Chief Judge Swain regarded Abraham as the only plaintiff in this action and, thus, the only plaintiff who requested to proceed IFP. (*Id.*) On December 27, 2023, the fees to bring this action were paid. On that same date, Rochelle submitted a copy of the signature page of the complaint with her original signature. (ECF 6, at 1.) Accordingly, and considering her *pro se* status, the Court now also regards Rochelle as a plaintiff in this action, along with Abraham. *See* Fed. R. Civ. P. 21.

dismisses this action for lack of subject matter jurisdiction, but grants Plaintiffs 30 days' leave to replead their claims in an amended complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiffs have paid the fees to bring a civil action, if the Court determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court may also dismiss an action for failure to state a claim on which relief may be granted, "so long as the plaintiff[s] [are] given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted), *abrogated on other grounds, Murphy v. Hughson*, 82 F.4th 177 (2d Cir. 2023).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). District courts generally should grant self-represented plaintiffs an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . ." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## BACKGROUND

Plaintiffs allege that the events that are bases for their claims occurred at "NYU" and "Montefiore" between 2015 and 2021. (ECF 1, at 5.) They also allege that, in December 2012,

Abraham was the recipient of a liver transplant. "When they examined the liver they had removed [from Abraham,] they found" cholangiocarcinoma, a type of cancer. (*Id.*) Defendant Sigal, whom Plaintiffs refer to as "the doctor," and who appears to have been Abraham's treating physician, allegedly ordered blood tests on Abraham to detect that condition until 2015, when he stopped ordering such blood tests. Plaintiffs also allege that Defendant Sigal did not inform Abraham that he had stopped ordering those blood tests. They assert that an oncologist at another hospital told them that such blood tests should have been ordered for Abraham three to four times per year. Plaintiffs further allege that, in 2021, Abraham underwent an MRI examination that he undergoes every year; it revealed that he had cancer in his transplanted liver and in his lymph nodes.

Plaintiffs allege that despite receiving surgery, radiation treatments, and chemotherapy, Abraham presently suffers from Stage 4 cancer. They also allege that if Defendant Sigal "had not stopped the [blood] tests[,] the cancer would have been found sooner and [would] probably [have been] completely removed." (*Id.*) Plaintiffs further allege that they "have gone thr[ough] over two years of hell[,] physical pain[,] [and] emotional pain." (*Id.*)

## DISCUSSION

Because Plaintiffs seem to assert claims under state law, including claims of medical malpractice, the Court will examine whether they have alleged facts sufficient to invoke the court's diversity jurisdiction to consider those claims.

The original subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has original subject matter jurisdiction only when a "federal question" is presented or, if the plaintiffs are asserting claims under state law under the court's diversity jurisdiction, when the plaintiffs and the defendant are citizens of different States and the amount in controversy exceeds

3

the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To establish the court's diversity jurisdiction, the plaintiffs must first show that they and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* The plaintiffs must also allege to a "reasonable probability" that their claims under state law are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiffs seem to allege that they and Defendant Sigal are citizens of the State of New York. (ECF 1, at 3-4.) Because Plaintiffs, New York State citizens, appear to sue another New

4

York State citizen, the requirement of complete diversity of citizenship as between the plaintiffs and the defendant is not met. Accordingly, to the extent that Plaintiffs assert claims under state law, under the court's diversity jurisdiction, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Because Plaintiffs are proceeding *pro se*, however, to the extent that they wish to assert claims under state law under the court's diversity jurisdiction, the Court grants them leave to replead their claims in an amended complaint in which they allege facts sufficient to show that the court has diversity jurisdiction over this action. If Plaintiffs wish to invoke the court's diversity jurisdiction as to their claims under state law, they must name only a defendant who is not a citizen of the State that they are citizens of, and they must allege facts that show that their claims under state law satisfy the jurisdictional amount for diversity claims – an amount in excess of the sum or value of $75,000.[2]

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P 12(h)(3). The Court, however, grants Plaintiffs 30 days' leave to replead their claims in an amended complaint, as specified above. If Plaintiffs fail to file an amended complaint in the time allowed, or fail to show good cause as to their failure to comply with this order, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

---

[2] The Court offers no opinion as to the merits of any claims of medical malpractice under state law, or of any other claims under state law, arising from the alleged events mentioned above, that Plaintiffs may assert in the courts of the State of New York.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 19, 2024
       New York, New York

                                                  LEWIS J. LIMAN
                                           United States District Judge